# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2672

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Arkansas. |
| Danny Joe Dillard, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: May 9, 2011
Filed: August 3, 2011

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Danny Joe Dillard pled guilty to four counts of knowingly filing false statements with the Railroad Retirement Board (RRB) in violation of 45 U.S.C. § 231*l*(a). The district court[1] sentenced Dillard to 2 months imprisonment and ordered him to pay $52,691.47 in restitution to the RRB under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §§ 3663A-3664 . Dillard appeals the order of restitution, and we affirm.

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

I.

In February 1999, Dillard suffered injuries while working for Union Pacific Railroad. After determining that Dillard could no longer perform his work as a conductor, the RRB awarded him an occupational disability annuity. As a condition of receiving the annuity, Dillard was required by law to report certain information regarding any employment and income while on disability. See 45 U.S.C. § 231a(a)(3); 20 C.F.R. § 220.16. Dillard failed to disclose to the RRB that he owned a business, occasionally undertook additional employment, and received income from these ventures.

Dillard pled guilty to four counts of knowingly providing false statements to the RRB during 2005 and 2006. In addition to other penalties, the district court ordered Dillard to pay restitution of $52,691.47—the aggregate amount of benefits the RRB paid to Dillard during 2005 and 2006. Dillard appeals, arguing that the district court erred in finding that he owed any restitution to the RRB.

II.

We review the district court's finding as to the proper amount of restitution for clear error. United States v. Statman, 604 F.3d 529, 535 (8th Cir. 2010). The MVRA provides that the "court shall order restitution to each victim in the full amount of each victim's losses as determined by the court." 18 U.S.C. § 3664(f)(1)(A). A victim is limited to restitution for the "actual losses" suffered. United States v. Petruk, 484 F.3d 1035, 1038 (8th Cir. 2007).

Ordinarily, when the defendant receives benefits from a government agency through fraud, the "actual loss" to the agency "is the amount paid minus the amount that would have been paid in the absence of fraud." Id. (emphasis omitted). Dillard

argues that the RRB's actual loss is zero because had he not filed a false statement, the agency would have paid him the same amount. However, when an annuitant fails to comply with RRB regulations—as Dillard admits he did in 2005 and 2006—his entitlement to benefits ceases. <u>See</u> 45 U.S.C. § 231a(a)(3). Even if Dillard could have met separate, additional requirements of the RRB and received benefits, when he acted illegally he lost his entitlement to receive an occupational disability annuity under federal law. Accordingly, the district court correctly found that the RRB's "actual loss" is $52,691.47.

In addition, we modify the judgment in this case to correct a clerical error; Dillard is guilty of violating 45 U.S.C. § 231*l*(a), rather than 45 U.S.C. § 231(1)(a). <u>See</u> 28 U.S.C. § 2106 (providing that appellate courts may modify any judgment brought before it for review).

### III.

We affirm the sentence imposed by the district court and modify the judgment to reflect that Dillard is guilty of violating 45 U.S.C. § 231*l*(a).

_____